## JUDGE SEIBEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARY ROACH

## 12 CV 5509

          Plaintiff,

**COMPLAINT**

   v.

**JURY TRIAL DEMANDED**

ASSET ACCEPTANCE, LLC;
GE CAPITAL RETAIL BANK;
TRANS UNION, LLC

          Defendant.
------------------------------------------------------X

Plaintiff by her attorney, The Law Offices of Shimshon Wexler, PC alleges upon information and belief as follows:

### INTRODUCTION

1.    Plaintiff Mary Roach was born in 1929 and has suffered a tremendous amount of aggravation and emotional distress in trying to battle with debt collector Asset Acceptance, LLC ("Asset"). The battle concerns Asset's stubborn refusal to accept the fact that the $2,846.47 debt that they bought from GE Capital Retail Bank (GE) had previously been paid to GE and the debt should never have been sold in the first place. In fact, Asset has filed a lawsuit against plaintiff but has not prosecuted the case because Asset's attorney Jason P. Verhagen of Fulton, Friedman & Gullace, LLP has actual knowledge that the debt had previously been paid to GE.

2.    Asset continues, even after Plaintiff has disputed the account with Trans Union, LLC ("Trans Union") to claim that the debt is owed.

3.      GE continues, even after Plaintiff has disputed the account with Trans Union to claim in an incomprehensible fashion on Plaintiff's credit report under the accounts listed as adverse that on the one hand the account was paid in full and was a charge-off and on the other hand that the account was sold to Asset. As will be explained below, this account was not a charge-off but rather was substituted for and replaced with a new account number and should never have been sold to Asset.

4.      Trans Union failed to follow reasonable procedures to assure maximum possible accuracy when preparing the credit report for the Plaintiff. Trans Union was obligated to correct the inaccurate information that GE reported. Specifically, Trans Union was obligated to investigate how the GE account was paid in full and then sold to Asset with a balance.

5.      Plaintiff is suing under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, two hallmark consumer protection statutes.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and §15 USC 1681(p) (FCRA).

7.      Venue and personal jurisdiction in this District are proper because:

   a.      Plaintiff resides within this district;

   b.      Defendants do business within this District.

## PARTIES

8.      Defendant, Asset, is a Delaware corporation with offices in Warren, Michigan.

9.      Asset is a "debt collector" as defined in the FDCPA.

10.     Asset is licensed by the New York City Department of Consumer Affairs as a debt collector.

11.     Asset claims to be a debt collector on its website.

12.     Asset is a "furnisher of information" as defined by the FCRA.

13.     GE is a corporation and/or banking entity with offices in Draper, Utah.

14.     GE is a "furnisher of information" as defined by the FCRA.

15.     Trans Union is a corporation with offices in Chicago, IL.

16.     Trans Union is a "consumer reporting agency" as defined by the FCRA.

17.     Plaintiff is a consumer as defined by the FCRA.

18.     Plaintiff is a consumer as defined by the FDCPA.


## FACTS

19.     On or about June 15th, 2012, plaintiff requested her Trans Union credit report from the government website which grants every consumer the right to view each of their credit reports annually.

20.     Plaintiff noticed a mistaken Asset Acceptance entry and a mistaken GE entry in her report. See Exhbit A.

21.     GE was reporting as a negative entry the account ending in 6785 as last payment 08/02/2007 and date closed 02/13/07 and a balance as $2,875.

22.     Asset was reporting a balance of $5,750, date updated 6/10/12, last payment 8/1/2007 and date placed for collection 12/02/09.

23.     Plaintiff disputed both of the entries using the online form which Trans Union offers.

3

24.     Trans Union conveyed a formal notification of the dispute to GE and to Asset. GE and Asset received this formal notification.

25.     On or about February 14th, 2007, apparently because plaintiff lost her credit card, GE transferred the balance from the card ending in 6785 to a new account number ending in 5682. Thus, the account ending in 6785 should have been zeroed out. The transferred balance was in the amount of $3,187.75. See Exhibit B for the statement showing that the transfer took place.

26.     Instead of the account number ending in 6785 going away, it has become a living nightmare for plaintiff.

27.     The GE account was used for personal purposes and not business purposes, namely primarily for a dental procedure to preserve plaintiff's health.

28.     On or about August 2nd, 2007, plaintiff paid off the entire balance of her GE credit card by making a $2,846.47 payment to her new 5682 account. Thus her entire GE credit card should have been paid off. The account was subsequently closed out.

29.     Instead, the account ending in 6785 was purportedly treated as junk debt by GE and sold to Asset for pennies on the dollar.

30.     Plaintiff has been pleading with Asset ever since to acknowledge that she does not owe the money and report to the credit bureau properly.

31.     Instead, in response to disputing the Asset entry, Asset willfully and/or negligently "verified" the information on 07/06/12 and claims plaintiff owes it $5,813 on the account ending in 6785. See Exhibit C.

32.     In response to plaintiff disputing the GE account, GE updated the account to a $0 balance and account paid in full. However, GE willfully and/or negligently incorrectly

4

reported on the updated report that the account was a charge off. The updated entry now shows the new information that GE sold the account to Asset. Of course, it is very puzzling that the account was paid in full and yet sold to Asset Acceptance. See Exhibit D.

33.     Trans Union willfully and/or negligently failed to correct the blatant inconsistencies in the credit report after plaintiff disputed the two items outlined above.

34.     Trans Union willfully and/or negligently reported that plaintiff's GE credit card was sold to Asset even though it was paid in full.

35.     Trans-Union willfully and/or negligently reported that plaintiff owed $5,813 to Asset even though the account that Asset had bought was shown to be paid in full by its own credit report.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST TRANS UNION

36.     Plaintiff incorporates all of the above paragraphs as though fully stated herein. This claim is against Trans Union.

37.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and**

the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

6

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . . (4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

38.     Trans Union willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

39.     Trans Union violated 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Trans Union for:

(1) Appropriate actual, punitive and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

7

## COUNT II – FCRA CLAIM AGAINST ASSET ACCEPTANCE

40.     Plaintiff incorporates all of the above paragraphs as though fully stated herein. This claim is against Asset Acceptance.

41.     Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when Trans Union contacted Asset Acceptance in response to plaintiff's complaints and in providing false information as a result.

42.     Asset Acceptance repeatedly reported and verified that plaintiff's account ending in 6785 that Asset Acceptance had bought from GE had a balance of $5,813 even though a simple check with GE would have revealed that the account was paid in full and should never have been sold to Asset. See Exhibit C and Exhibit D.

43.     Asset Acceptance continued to report and verify the false information, even after plaintiff provided Asset Acceptance and its law firm of Fulton, Friedman & Gullace, LLP  with documents which demonstrated the falsity of its reporting.

44. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

8

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

45.     Asset Acceptance committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

46.     Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable

to that consumer in an amount equal to the sum of–

(1)

        (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under

this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

47.    Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

48.    Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Asset Acceptance for:

(1) Appropriate actual, punitive and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT III – FCRA CLAIM AGAINST GE

49.     Plaintiff incorporates all of the above paragraphs as though fully stated herein. This claim is against GE Capital Retail Bank ("GE").

50.     GE Capital Retail Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when Trans Union contacted GE in response to plaintiff's complaints and in providing false information as a result.

51.     GE corrected the report to reflect a $0 balance but incorrectly reported that the account was charged-off. See Exhibit D.

52.     GE also reported that the account ending in 6785 was paid in full but nevertheless sold the account to Asset. Even after noting the account was paid in full GE failed and refused to rectify the errors that were caused by the sale of the account including the problem that plaintiff faced in having to deal with a credit report entry from Asset that claims plaintiff owes it $5,813 because Plaintiff failed to satisfy the GE account ending in 6785.

53.     Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

54.     GE committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

55.     Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

56.     Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

57.      Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**

**(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or**

**(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Capital Retail Bank for:

(1) Appropriate actual, punitive and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT IV – FDCPA CLAIM AGAINST ASSET ACCEPTANCE

58.      Plaintiff incorporates all of the above paragraphs as though fully stated herein.

13

59.    In response to plaintiff disputing her credit report on or about June 15th 2012, Asset "verified" that plaintiff owes $5,813 to it because it had purchased an account from GE ending in 6785 as described above.

60.    At the time Asset "verified" this information, it knew or should have known that this information was false because, among other reasons, GE in response to the same dispute had corrected its entry on plaintiff's credit report to show that the account that Asset had purchased was paid in full to GE.

61.    **§1692e entitled False or Misleading Misrepresentations states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Asset Acceptance for:

(1) Appropriate actual and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated: New York, NY
July 15th, 2012

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC

14

2710 Broadway, 2nd Floor
New York, NY 10025
212-760-2400
917-512-6132 (fax)
swexleresq@gmail.com

### JURY DEMAND

Plaintiff demands trial by jury.

Shimshon Wexler

### NOTICE OF ASSIGNMENT

All rights relating to attorney's fees have been assigned to counsel.

Shismhon Wexler

15

# EXHIBIT A

*Exhibit A*



TransUnion

**GECRB/CARE CREDIT #601918034946******

C/O PO BOX 965036
ORLANDO, FL 32896-5036
(866) 396-8254

| | |
|---|---|
| Balance: | $2,875 |
| Date Updated: | 01/05/2009 |
| High Balance: | $3,418 |
| Credit Limit: | $4,000 |
| Past Due: | >$1,588< |
| Last Payment: | 08/02/2007 |

| | |
|---|---|
| Pay Status: | >Charged Off< |
| Account Type: | Revolving Account |
| Responsibility: | Individual Account |
| Date Opened: | 10/19/2003 |
| Date Closed: | 02/13/2007 |

**Loan Type:** CHARGE ACCOUNT
**Remarks:** >UNPAID BALANCE CHARGED OFF<



| Late Payments (48 months) | Last 48 months | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
|---|---|---|
| 30 60 90 | | |
| 4 1 2 | | |

*Exhibit A*

**ASSET ACCEPTANCE LLC #4056****

PO BOX 1630
WARREN, MI 48090-1630
(800) 545-9931

| | | | |
|---|---|---|---|
| **Balance:** | $5,750 | **Pay Status:** | >In Collection< |
| **Date Updated:** | 06/10/2012 | **Account Type:** | Open Account |
| **Original Amount:** | $4,023 | **Responsibility:** | Individual Account |
| **Original Creditor:** | GEMB CARE CREDIT (Retail) | | |
| | | | |
| **Past Due:** | >$5,750< | | |
| **Last Payment:** | 08/01/2007 | | |

**Loan Type:** FACTORING COMPANY ACCOUNT
**Date Placed for Collection:** 12/02/2009
**Remarks:** ACCT INFO DISPUTED BY CONSUMR

# EXHIBIT B

# CareCredit



MARY E ROACH

CARE CREDIT/GEMB

Exhibit B

| STATEMENT DATE | 03/05/2007 |
|---|---|
| Days in Billing Cycle | 28 |

**ACCOUNT INFORMATION** 6019 1803 9945 6785

| Payment Due Date | 03/30/2007 |
|---|---|
| Credit Limit | $4,000.00 |
| Total Credit Available | $1,099.00 |
| Minimum Payment | $102.00 |

**BALANCE SUMMARY**

| Previous Balance | | $0.00 |
|---|---|---|
| New Purchases | + | $10.00 |
| Payments | - | $300.00 |
| Credits, Fees and Adjustments (net) | +/- | $3,187.75 |
| FINANCE CHARGE (net) | +/- | $2.72 |
| New Balance | = | $2,900.47 |

For Customer Service or to report your card lost or stolen, call:

**866-893-7864**

Or, visit us on the web at:

**www.carecredit.com**

Let your best smile shine through...

**ACCOUNT ACTIVITY**

| Post Date | Tran Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 02/14/2007 | 02/14/2007 | 0000000000ATNEWA | BALANCE TRANSFER 6019 1803 4948 6785 | $3,187.75 |
| 03/02/2007 | 03/02/2007 | 85348121XFFG6GVSK | PAYMENT - THANK YOU | $300.00 CR |
| 03/02/2007 | 03/02/2007 | 85348121X8BNG71JP | PAY BY PHONE FEE KETTERING OH | $10.00 |
| 03/05/2007 | 03/05/2007 | | *FINANCE CHARGE* | $2.72 |

**PROMOTIONAL PURCHASE SUMMARY**

You will incur no Finance Charges on a Deferred Interest promotional purchase, provided the promotional purchase amount is paid in full by the indicated Due Date and you pay any applicable Minimum Payment Due on your Account by the Payment Due Date. If you do not pay the amount in full by the indicated Due Date, Finance Charges accrued from the date of purchase will (or if any Minimum Payment is not paid when due, may) be added to your Account.

| Promotion Type/ Tran Date | Initial Transaction Amount | Billed FINANCE CHARGE | Promotional Balance | Deferred FINANCE CHARGE | Promotional Expiration Date |
|---|---|---|---|---|---|
| With Pay Deferred Interest 05/17/2006 | 1,118.00 | 0.00 | 823.98 | $209.64 | 06/04/2007 |
| With Pay Deferred Interest 06/16/2006 | 1,000.00 | 0.00 | 793.95 | $171.83 | 07/04/2007 |
| With Pay Deferred Interest 09/15/2006 | 1,400.00 | 0.00 | 1,240.82 | $160.75 | 10/04/2007 |

*To avoid paying deferred finance charge(s), you must pay off your promotional balance by expiration date shown.

Exhibit B

**PAYMENT DUE BY 5 P.M. ON THE DUE DATE.**

*NOTICE: See reverse side and additional pages (if any) for important information concerning your Account

NDLR0548 5302 5001 T117   07 078320 PAGE 00024 OF 00029

# CareCredit

# EXHIBIT C

*Exhibit C*

**ASSET ACCEPTANCE LLC #4056\*\*\*\***

| | | | | |
|---|---|---|---|---|
| PO BOX 1630 | Balance: | $5,813 | Pay Status: | >In Collection< |
| WARREN, MI 48090-1630 | Date Verified: | 07/06/2012 | Account Type: | Open Account |
| (800) 545-9931 | Original Amount: | $4,023 | Responsibility: | Individual Account |
| | Original Creditor: | GEMB CARE CREDIT (Retail) | | |
| | Past Due: | > $5,813 < | | |
| | Last Payment: | 08/01/2007 | | |

Loan Type: FACTORING COMPANY ACCOUNT
Date Placed for Collection: 12/02/2009
Remark: ACCT INFO DISPUTED BY CONSUMR

# EXHIBIT D

Exhibit I

**GECRB/CARE CREDIT #601918034946****
C/O PO BOX 965036
ORLANDO, FL 32896-5036

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 11/24/2009 |

Pay Status:          >Account paid in Full; was a
                      Charge-off<

of 7

| | | | | |
|---|---|---|---|---|
| High Balance: | $2,875 | Account Type: | Revolving Account |
| Credit Limit: | $0 | Responsibility: | Individual Account |
| Last Payment: | 08/01/2007 | Date Opened: | 10/19/2003 |
| | | Date Closed: | 02/13/2007 |
| | | Date Paid: | 08/01/2007 |

(866) 396-8254

Loan Type: CHARGE ACCOUNT
Account Sale Info: ACCOUNT SOLD TO ASSET ACCPT 800 545 9931
Remark: PURCHASED BY ANOTHER LENDER
Estimated month and year that this item will be removed: 09/2012