UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARY ROACH

                Plaintiff,

      v.                                   Civil Action No.:  12-CV-5509

ASSET ACCEPTANCE, LLC;
GE CAPITAL RETAIL BANK;
TRANS UNION, LLC

                Defendants
-------------------------------------------------------X

### ASSET ACCEPTANCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, Asset Acceptance, LLC ("Asset"), by its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### INTRODUCTION

      1.    Plaintiff Mary Roach was born in 1929 and has suffered a tremendous amount of aggravation and emotional distress in trying to battle with debt collector Asset Acceptance, LLC ("Asset").  The battle concerns Asset's stubborn refusal to accept the fact that the $2,846.47 debt that they bought from GE Capital Retail Bank (GE) had previously been paid to GE and the debt should never have been sold in the first place.  In fact, Asset has filed a lawsuit against plaintiff but has not prosecuted the case because Asset's attorney Jason P. Verhagen of Fulton, Friedman & Gullace, LLP has actual knowledge that the debt had previously been paid to GE.

      **ANSWER:**    Asset admits only that it filed a lawsuit against Plaintiff and that it purchased an account from defendant GE Capital Bank, and denies the remaining

allegations of this paragraph directed at its conduct, including that Plaintiff has paid the obligation at issue.  Asset is without information or knowledge sufficient to respond to the remaining allegations of this paragraph.

2.      Asset continues, even after Plaintiff has disputed the account with Trans Union, LLC ("Trans Union") to claim that the debt is owed.

**ANSWER:**    Asset admits only that it did not supply Trans Union with a deletion code in response to the credit reporting disputes it received and denies the remaining allegations of this paragraph.

3.      GE continues, even after Plaintiff has disputed the account with Trans Union to claim in an incomprehensible fashion on Plaintiff's credit report under the accounts listed as adverse that on the one hand the account was paid in full and was a charge-off and on the other hand that the account was sold to Asset.  As will be explained below, this account was not a charge-off but rather was substituted for and replaced with a new account number and should never have been sold to Asset.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph.

4.      Trans Union failed to follow reasonable procedures to assure maximum possible accuracy when preparing the credit report for the Plaintiff.  Trans Union was obligated to correct the inaccurate information that GE reported.  Specifically, Trans Union was obligated to investigate how the GE account was paid in full and then sold to Asset with a balance.

**ANSWER:** Asset is without information or knowledge sufficient to respond to the remaining allegations of this paragraph.

5.     Plaintiff is suing under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, two hallmark consumer protection statutes.

**ANSWER:** Asset admits only that Plaintiff's Complaint purports to state claims under the FDCPA and the FCRA and is without information or knowledge sufficient to respond to the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and §15 USC 1681(p) (FCRA).

**ANSWER:** The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

7.     Venue and personal jurisdiction in this District are proper because:

      a.     Plaintiff resides within this district;

      b.     Defendants do business within this District.

**ANSWER:** Asset admits only that it tries to collect delinquent account it owns from responsible parties within this District and is without information or knowledge sufficient to respond to the remaining allegations of this paragraph.

## PARTIES

8.     Defendant, Asset, is a Delaware corporation with offices in Warren, Michigan.

**ANSWER:**    Asset admits only that it is a limited liability company organized under Delaware law and headquartered in Warren, Michigan, and denies the remaining allegations of this paragraph of the Complaint.

9.    Asset is a "debt collector" as defined in the FDCPA.

**ANSWER:**    The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

10.    Asset is licensed by the New York City Department of Consumer Affairs as a debt collector.

**ANSWER:**    Asset admits that it has obtained a license from the New York City Department of Consumer Affairs and that it has authority to collect debts in New York City.

11.    Asset claims to be a debt collector on its website.

**ANSWER:**    Asset denies the allegations of this paragraph to the extent they are inconsistent with or contrary to the content on its website.

12.    Asset is a "furnisher of information" as defined by the FCRA.

**ANSWER:**    The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

13.    GE is a corporation and/or banking entity with offices in Draper, Utah.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph.

14.    GE is a "furnisher of information" as defined by the FCRA.

**ANSWER:**    The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

.

15.     Trans Union is a corporation with offices in Chicago, IL.

**ANSWER:**     Asset is without information or knowledge sufficient to respond to the allegations of this paragraph.

16.     Trans Union is a "consumer reporting agency" as defined by the FCRA.

**ANSWER:**     The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court..

17.     Plaintiff is a consumer as defined by the FCRA.

**ANSWER:**     The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court..

18.     Plaintiff is a consumer as defined by the FDCPA.

**ANSWER:**     The allegations contained in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court..

## **FACTS**

19.     On or about June 15th, 2012, plaintiff requested her Trans Union credit report from the government website which grants every consumer the right to view each of their credit reports annually.

**ANSWER:**     Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

20.     Plaintiff noticed a mistaken Asset Acceptance entry and a mistaken GE entry in her report.  See Exhibit A.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegation concerning what Plaintiff noticed and it denies the remaining allegations of this paragraph of the complaint.

21.    GE was reporting as a negative entry the account ending in 6785 as last payment 08/02/2007 and date closed 02/13/07 and a balance as $2,875.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

22.    Asset was reporting a balance of $5,750, date updated 6/10/12, last payment 8/1/2007 and date placed for collection 12/02/09.

**ANSWER:**    Asset admits only that it furnished information to the credit reporting bureaus that included the balance and last payment date identified in this paragraph 22 of the Complaint and denies the remaining allegations of this paragraph of the Complaint.

23.    Plaintiff disputed both of the entries using the online form which Trans Union offers.

**ANSWER:**    Asset admits only that it received disputes from Trans Union concerning the obligation at issue in this case and is without information or knowledge sufficient to respond to the remaining allegations of this paragraph of the Complaint.

24.    Trans Union conveyed a formal notification of the dispute to GE and to Asset. GE and Asset received this formal notification.

**ANSWER:**    Asset admits only that it received disputes from Trans Union concerning the obligation at issue in this case and is without information or knowledge sufficient to respond to the remaining allegations of this paragraph of the Complaint.

25.    On or about February 14th, 2007, apparently because plaintiff lost her credit card, GE transferred the balance from the card ending in 6785 to a new account number ending in 5682.  Thus, the account ending in 6785 should have been zeroed out. The transferred balance was in the amount of $3,187.75.  See Exhibit B for the statement showing that the transfer took place.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

26.    Instead of the account number ending in 6785 going away, it has become a living nightmare for plaintiff.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

27.    The GE account was used for personal purposes and not business purposes, namely primarily for a dental procedure to preserve plaintiff's health.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

28.    On or about August 2nd, 2007, plaintiff paid off the entire balance of her GE credit card by making a $2,846.47 payment to her new 5682 account.  Thus her entire GE credit card should have been paid off.  The account was subsequently closed out.

**ANSWER:**    Asset denies the allegations of this paragraph, including the allegation that Plaintiff does not owe the obligation at issue in this case.

29.    Instead, the account ending in 6785 was purportedly treated as junk debt by GE and sold to Asset for pennies on the dollar.

**ANSWER:**    Asset admits only that it purchased the account ending in 6785 from GE and denies the remaining allegations of this paragraph of the Complaint.

30.    Plaintiff has been pleading with Asset ever since to acknowledge that she does not owe the money and report to the credit bureau properly.

**ANSWER:**    Asset admits only that Plaintiff and it have discussed her claim that she paid the obligation, and denies the remaining allegations of this paragraph of the Complaint.

31.    Instead, in response to disputing the Asset entry, Asset willfully and/or negligently "verified" the information on 07/06/12 and claims plaintiff owes it $5,813 on the account ending in 6785.  See Exhibit C.

**ANSWER:**    Asset denies that it willfully or negligently furnished any information concerning the obligation at issue to the credit reporting bureaus.

32.    In response to plaintiff disputing the GE account, GE updated the account to a $0 balance and account paid in full.  However, GE willfully and/or negligently incorrectly reported on the updated report that the account was a charge off.  The updated entry now shows the new information that GE sold the account to Asset.  Of course, it is very puzzling that the account was paid in full and yet sold to Asset Acceptance.  See Exhibit D.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

33.    Trans Union willfully and/or negligently failed to correct the blatant inconsistencies in the credit report after plaintiff disputed the two items outlined above.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

34.    Trans Union willfully and/or negligently reported that plaintiff's GE credit card was sold to Asset even Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint. though it was paid in full.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

35.    Trans-Union willfully and/or negligently reported that plaintiff owed $5,813 to Asset even though the account that Asset had bought was shown to be paid in full by its own credit report.

**ANSWER:**    Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

## VIOLATIONS ALLEGED

## COUNT I — FCRA CLAIM AGAINST TRANS UNION

36.    Plaintiff incorporates all of the above paragraphs as though fully stated herein.  This claim is against Trans Union.

**ANSWER:**   Asset repeats the responses to the prior allegations of this Complaint.

37.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report.  Section 1681i provides:

§16811.  Procedure in case of disputed accuracy

(a)     Reinvestigations of disputed information.

(1)     Reinvestigation required.

(A)     In general.  If the completeness or accuracy of any item of information contained in a consumer's rite at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B)     Extension of period to reinvestigate.   Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency *receives* information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C)     Limitations on extension of period to reinvestigate. Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2)     Prompt notice of dispute to furnisher of information.

(A)     In general.  Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person.  The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B)     Provision of other information from consumer.  The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).... (4) Consideration of consumer information.   In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5)     Treatment of inaccurate or unverifiable information.

(A)     In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation-

**ANSWER:**     Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

38.     Trans Union willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

**ANSWER:**     Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

39.     Trans Union violated 15 U.S.C. §1681n and/or §1681o.

**ANSWER:**     Asset is without information or knowledge sufficient to respond to the allegations of this paragraph of the Complaint.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Trans Union for:

(1)     Appropriate actual, punitive and statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other or further relief as the Court deems proper.

**ANSWER:**     Asset denies that Plaintiff is entitled to any relief.

## COUNT II — FCRA CLAIM AGAINST ASSET ACCEPTANCE

40.     Plaintiff incorporates all of the above paragraphs as though fully stated herein.  This claim is against Asset Acceptance.

**ANSWER:**     Asset repeats the responses to the prior allegations of this Complaint.

41.     Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(13), by failing to reasonably investigate when Trans Union contacted Asset Acceptance in response to plaintiff's complaints and in providing false information as a result.

**ANSWER:**     Denied.

42.     Asset Acceptance repeatedly reported and verified that plaintiff's account ending in 6785 that Asset Acceptance had bought from GE had a balance of $5,813 even

though a simple check with GE would have revealed that the account was paid in full and should never have been sold to Asset See Exhibit C and  Exhibit D.

**ANSWER:**    Denied.

43.    Asset Acceptance continued to report and verify the false information, even after plaintiff provided Asset Acceptance and its law firm of Fulton, Friedman & Gullace, LLP with documents which demonstrated the falsity of its reporting.

**ANSWER:**    Denied.

44.    Section 1681s-2(b) provides:

(b)    Duties of furnishers of information upon notice of dispute.

(1)    In general. After receiving notice pursuant to section 611(a)(2) [15 USC §16811(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)    conduct an investigation with respect to the disputed information;

(B)    review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C)    report the results of the investigation to the consumer reporting agency; and

(D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2)    Deadline.    A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person

to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:**   Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

45.    Asset Acceptance committed such violations willfully or  negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

**ANSWER:**   Asset denies that it violated the FCRA and thus denies the allegations of this paragraph of the Complaint.

46.    Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a)    In general.  Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

(A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
...

**ANSWER:**   Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

47.     Section 16810 provides:

§1681o. Civil liability for negligent noncompliance

(a)     In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1)     any actual damages sustained by the consumer as a result of the failure;

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:**     Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

48.     Section 1681p provides:

§1681p.  Jurisdiction of courts; limitation of actions.  An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of —

(1)     2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or

(2)     5 years after the date on which the violation that is the basis for such liability occurs.

**ANSWER:**     Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Asset Acceptance for:

(1)     Appropriate actual, punitive and statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

15

(3)     Such other or further relief as the Court deems proper.

**ANSWER:**     Asset denies that Plaintiff is entitled to any relief as against it.

<u>**COUNT III — FCRA CLAIM AGAINST GE**</u>

49.     Plaintiff incorporates all of the above paragraphs as though fully stated

herein.  This claim is against GE Capital Retail Bank ("GE").

**ANSWER:**     Asset repeats the responses to the prior allegations of this

Complaint.

50.     GE Capital Retail Bank violated the Fair Credit Reporting Act, 15 U.S.C.

§1681s-2(b), by failing to reasonably investigate when Trans Union contacted GE in

response to plaintiff's complaints and in providing false information as a result.

**ANSWER:**     Asset is without information or knowledge sufficient to respond to

the allegations of this paragraph of the Complaint.

51.     GE corrected the report to reflect a $0 balance but incorrectly reported that

the account was charged-off.  See <u>Exhibit D.</u>

**ANSWER:**     Asset is without information or knowledge sufficient to respond to

the allegations of this paragraph of the Complaint.

52.     GE also reported that the account ending in 6785 was paid in full but

nevertheless sold the account to Asset.  Even after noting the account was paid in full GE

failed and refused to rectify the errors that were caused by the sale of the account

including the problem that plaintiff faced in having to deal with a credit report entry from

Asset that claims plaintiff owes it $5,813 because Plaintiff failed to satisfy the GE

account ending in 6785.

16

**ANSWER:**   Asset is without information or knowledge sufficient to respond to

the allegations of this paragraph of the Complaint.

53.   Section 168 Is-2(b) provides:

(b)   Duties of furnishers of information upon notice of dispute.

(1)   In general. After receiving notice pursuant to section 611(02)115 USC §16111i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)   conduct an investigation with respect to the disputed information;

(B)   review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) 115 USC §16/11i(a)(2)];

(C)   report the results of the investigation to the consumer reporting agency; and

(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)1 within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:**   Asset denies the allegations to the extent they are inconsistent with

or contrary to actual language used in the FCRA.

54.   GE committed such violations willfully or negligently, thereby violating

15 U.S.C. §1681n and/or §1681o.

17

**ANSWER:**    Asset is without information or knowledge sufficient to respond to

the allegations of this paragraph of the Complaint.

55.    Section 1681n provides:

§1681n.  Civil liability for willful noncompliance

(a)    In general.  Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1)    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

**ANSWER:**    Asset denies the allegations to the extent they are inconsistent with

or contrary to actual language used in the FCRA.

56.    Section 16810 provides:

§1681o.  Civil liability for negligent noncompliance

(a)    In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)    any actual damages sustained by the consumer as a result of the failure;

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:**    Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

57.    Section 1681p provides:

§1681p.   Jurisdiction of courts; limitation of actions.   An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of-

(1)    2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or

(2)    5 years after the date on which the violation that is the basis for such liability occurs.

**ANSWER:**    Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Capital Retail Bank for:

(1)    Appropriate actual, punitive and statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

**ANSWER:**    Asset denies that Plaintiff is entitled to any relief.

## COUNT IV — FDCPA CLAIM AGAINST ASSET ACCEPTANCE

58.    Plaintiff incorporates all of the above paragraphs as though fully stated herein.

**ANSWER:**    Asset repeats the responses to the prior allegations of this Complaint.

59.     In response to plaintiff disputing her credit report on or about June 15th 2012, Asset "verified" that plaintiff owes $5,813 to it because it had purchased an account from GE ending in 6785 as described above.

**ANSWER:**     Asset admits only that it furnished information to the credit bureaus that the balance owed to it on the obligation at issue in the case was, at one time, $5,813 and denies the remaining allegations of this paragraph of the Complaint.

60.     At the time Asset "verified" this information, it knew or should have known that this information was false because, among other reasons, GE in response to the same dispute had corrected its entry on plaintiff's credit report to show that the account that Asset had purchased was paid in full to GE.

**ANSWER:**     Denied.

61.     §1692e entitled False or Misleading Misrepresentations states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**ANSWER:**     Asset denies the allegations to the extent they are inconsistent with or contrary to actual language used in the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Asset Acceptance for:

(1)     Appropriate actual and statutory damages;

(2)      Attorney's fees, litigation expenses and costs of suit;

(3)      Such other or further relief as the Court deems proper.

**ANSWER:**    Asset denies that Plaintiff is entitled to any relief as against it. Plaintiff's Complaint should be dismissed with prejudice as against Asset and Asset should be awarded its costs and attorney's fees in having to respond to and defend against this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Asset upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead individual claims under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action.   See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp.

61 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections</u>, Inc., 764 F. Supp. 925 (D. Del. 1991);

and <u>Harvey v. United Adjusters</u>, 509 F. Supp 1218 (D. Or. 1981).

<b>THIRD AFFIRMATIVE DEFENSE</b>

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

<b>FOURTH AFFIRMATIVE DEFENSE</b>

If Asset violated the FDCPA or the FCRA, which is denied, Plaintiff incurred no

actual damages as a result of the purported violation.

<b>FIFTH AFFIRMATIVE DEFENSE</b>

Any damages which Plaintiff may have incurred, which are denied, were the

direct and proximate result of the conduct of Plaintiff.  Plaintiff is estopped and barred

from recovery of any damages resulting from his own conduct.

<b>SIXTH AFFIRMATIVE DEFENSE</b>

Plaintiff has not incurred any actual damage, including physical injury, pecuniary

injury, dignitary injury, improper denial or loss of credit opportunities, improperly

diminished credit score, emotional distress, out-of-pocket harm or other injuries justifying

a claim for actual damages as a result of the permissible, reasonable and appropriate

conduct of Asset.

### SEVENTH AFFIRMATIVE DEFENSE\

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Asset.

### EIGHTH AFFIRMATIVE DEFENSE

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Asset. The liability, if any exists, of Asset and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Asset should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any violation of law occurred, which Asset expressly denies, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance by Asset of procedures reasonably adapted to avoid them.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off and/or recoupment for the obligation still owed.

### ELEVENTH AFFIRMATIVE DEFENSE

Asset acted in good faith at all times in whatever dealings it had with plaintiff, and if any conduct by Asset is found to be unlawful, which Asset expressly denies, such conduct was not willful and should not give rise to liability.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole, or in part, by an agreement to arbitrate.

**WHEREFORE**, Defendant, Asset Acceptance, LLC, respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, that pursuant to federal law, Plaintiff be ordered to pay reasonable attorney's fees and costs for Asset, and for all other general and equitable relief.

Dated: New York, New York

September 24, 2012

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C

By: _____/s/_____
R. David Lane Jr. (RD 2435)
Attorneys for Defendant
Asset Acceptance, LLC
88 Pine St., 21st Floor
New York, NY 10005-1801
(212) 376-6400